**UNITED STATES of America,**

v.

**Angelo PACCIONE, et al., Defendants.**

**No. SSS 89 Cr. 446 (CBM).**

United States District Court,
S.D. New York.

Feb. 8, 1996.

1038

Mary Jo White, United States Attorney, Sharon Cohen Levin, Assistant United States Attorney, Southern District of New York, for United States.

Morrison & Foerster, Arthur Katz, for Trustee/Receiver Louis D'Angelo.

Torino & Singer, P.C., Charles A. Singer, for Dominick Vulpis.

## MEMORANDUM OPINION

MOTLEY, District Judge.

The instant request for a stay pending appeal arises in the context of Dominick Vulpis's appeal of various orders of this court in this proceeding under N.Y.Civ.Prac.L. & R. 5228, *et seq.* For the reasons set forth herein, the request is denied.

## BACKGROUND

The events leading up to the instant conflict are set forth in this court's recent decision in this matter,[1] familiarity with which is assumed.

The instant request for a stay indirectly pertains to two previous orders of this court. The first order, dated September 7, 1995, granted the petition of Trustee and Receiver Louis D'Angelo (hereinafter "D'Angelo"), the individual responsible for overseeing the assets forfeited by defendants in this case, and provided that D'Angelo could oversee the liquidation of several corporations whose shares were seized to satisfy the judgment herein. The second order, dated November 7, 1995, denied the cross-petition of Dominick Vulpis (hereinafter "Vulpis")—a shareholder in corporations affected by the September 7, 1995 order—which sought a determination that the shares of stock in these corporations held by D'Angelo were actually Vulpis's property.

By motion filed subsequent to these orders, D'Angelo sought authorization from the court to sell one of the companies under his control. He also sought authority from the court to engage counsel to assist him in selling the assets under his control and to seek working capital to carry out his functions as trustee. By sealed order dated January 31, 1996, this court refused to authorize the sale, but granted the other relief sought in D'Angelo's motion.

1. *United States v. Paccione,* SSS 89 Cr. 446, 1995 WL 662130 at \*1–\*2 (S.D.N.Y. November 9, 1995) (memorandum opinion). *See also, United States v. Paccione,* 948 F.2d 851, 853–855 (2d Cir.1991).

Vulpis has appealed the September 7, 1995 and November 7, 1995 orders and by the instant cross-motion seeks to stay this court's consideration of D'Angelo's latest motion pending appeal of the orders described above. Because the court has already ruled on the motion as described above, the request for a stay of the court's consideration of the motion will be treated as a request for a stay of that relief granted in the January 30, 1996 order.

■ A stay pending appeal is governed by Fed.R.Civ.Proc. 62(c) and Fed.R.App.Proc. 8(a). As the Supreme Court in *Hilton v. Braunskill,* 481 U.S. 770, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987) stated:

> Under both Rules ... the factors regulating the issuance of a stay are generally the same: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

481 U.S. at 776–777, 107 S.Ct. at 2119.

■ In support of the stay, Vulpis argues that should the sale close before a final disposition of his appeal unspecified "substantially difficulties (sic) will arise." (Affidavit of Dominick Vulpis, dated January 22, 1996, at ¶ 15.) He asserts further: "logic and fairness dictate that the appellate issues be resolved before any proposed transaction close (sic)." (*Id.* at ¶ 17.)

Because the court has denied that portion of D'Angelo's motion that seeks authorization for the sale of the assets in question that portion of the cross-motion addressing this item is moot.

With regard to the remainder of the motion, concerning D'Angelo's use of counsel to assist him in disposing of the assets and his proposal to raise working capital to manage the assets, Vulpis has failed to make any showing of his likelihood to succeed on the underlying appeal or to discuss the extent of possible harm to other parties herein that could result from the issuance of a stay. In addition, Vulpis sets forth no irreparable harm from the denial of a stay; indeed, the only fathomable harm that could result from the denial of a stay would be economic, and thus, by nature, not irreparable. *JSG Trading Corp. v. Tray–Wrap, Inc.,* 917 F.2d 75, 79 (2d Cir.1990). Lastly, in cases such as the matter *sub judice,* it is often against the public interest to impede the termination of the offensive conduct or delay the amelioration of its effects. *Cf. United States v. Private Sanitation Indus. Assoc'n of Nassau/Suffolk,* 44 F.3d 1082, 1084 (2d Cir.1995) (holding "while [defendant] may well suffer irreparable harm from the divestiture of his companies, the interests of the government and the public in terminating the control of trash handling on Long Island by criminal conspirators weigh heavily against granting a stay [pending appeal]"). The defendants in this case were convicted long ago of engaging in wide-ranging environmental crimes; the public interest certainly lies with the efficient disposition of the forfeited assets herein and the modest relief sought to be stayed furthers that end. Accordingly, the request for a stay pending appeal is denied.

## CONCLUSION

For the reasons set forth above, the cross-motion of Dominick Vulpis for a stay pending appeal is denied.

## ORDER

For the reasons set forth in the accompanying Memorandum Opinion filed simultaneously herewith, Dominick Vulpis's cross-motion for a stay pending appeal is hereby DENIED.